# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CASE NO:**

**KENNETH WARD, on behalf of himself
and all others similarly situated,**

    Plaintiff,

v.

**SEAWORLD PARKS & ENTERTAINMENT, INC.,**
**A Foreign Profit Corporation,**
**SEA WORLD OF FLORIDA, LLC.,**
**a Florida Limited Liability Company,**

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Kenneth Ward, ("Plaintiff") on behalf of himself and all others similarly situated("Class Members") by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against SeaWorld Parks & Entertainment, Inc., a Foreign Profit Corporation("SeaWorld Parks" or "Defendant") and Sea World of Florida, LLC., a Florida Limited Liability Company, ("Sea World Florida" or "Defendant")(collectively, "Defendants") as joint employers, and states as follows:

# INTRODUCTION

1. Plaintiff, alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendant's violations lacked a good faith basis.

2. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

3. As non-exempt employees, Plaintiff and the putative class members are entitled to the applicable overtime wage rate for each overtime hour they suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S.

2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

4. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA by failing to pay its non-exempt hourly Employees in Florida, including Plaintiff and all other similarly situated employees, for all of their overtime hours worked based upon its unlawful policies and practices.

5. On July 31, 2020, Vice President of Park Operations, sent an email explaining that all employees are now required to clock out for lunch, but if an employee is unable to take an interrupted lunch due to being called on their radio, they are required to clock back in and the company will "work on giving them a break at a later date."

6. Prior to July 2020, Employees were not required to clock out for a lunch break, yet Defendants would auto-deduct a thirty (30) minute lunch break from all employees during each scheduled workday.

7. Additionally, all hours worked including time spent working, or performing pre- and post-shift work off-the-clock required by Defendants; time spent working during unpaid meal breaks; and time spent communicating with supervisors and co-workers, and other directives, off-the-clock.

8. Accordingly, Defendant failed to record or compensate Plaintiff and other similarly situated employees for all of their hours worked in violation of the FLSA.

## THE PARTIES

*Plaintiff*

9. Plaintiff Kenneth Ward resides in this judicial district at all times relevant hereto.

10. At all times relevant hereto, Plaintiff, Kenneth Ward, was employed as a non-exempt hourly paid employee performing the same or similar duties as those of those similarly situated employees whom Plaintiff observed working in excess of forty(40) hours per workweek without proper overtime compensation.

11. Plaintiff Kenneth Ward worked for Defendants as a non-exempt, hourly-paid plant engineering department employee from approximately January 1989 through his retirement on March 2024, in Orlando, Florida.

12. At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. Plaintiffs' written consent to join forms are attached as Exhibit A.

*Defendants*

14. Defendant SEAWORLD PARKS is a Delaware corporation that is authorized to do business within this judicial district, and at all relevant times herein, employed more than five (5) employees within Orange County, including Plaintiff.

15. At all times relevant hereto, SEAWORLD PARKS has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

16. At all times relevant hereto, SEAWORLD PARKS has two (2) or more employees who have handled goods that moved in interstate commerce.

17. At all times relevant hereto, SEAWORLD PARKS is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

18. Defendant Sea World Florida is a Florida Limited Liability Company, that is authorized to do business within this judicial district, and at all relevant times herein, employed more than five (5) employees within Orange County, including Plaintiff.

19. At all times relevant hereto, Sea World Florida has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

20. At all times relevant hereto, Sea World Florida has two (2) or more employees who have handled goods that moved in interstate commerce.

21. At all times relevant hereto, Sea World Florida is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

22. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

23. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

24. The unlawful acts alleged in this Collection Action Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

25. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

**JURISDICTION AND VENUE**

26. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, et. seq.

27. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

29. At all times material to this Complaint, the Defendants were and continue to be an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

**FACTS COMMON TO ALL CLAIMS**

*FLSA Collective*

30. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All non-exempt hourly employees who are or were employed by Defendants in Florida at any time since May 2021, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

*Plaintiffs Off-the-Clock Work*

31. Throughout his employment, Plaintiff and similarly situated employees who are members of the proposed FLSA Collective performed work off-the-clock without compensation and denying them overtime compensation.

32. Plaintiff and similarly situated employees who are members of the FLSA Collective worked off-the-clock prior to clocking in at the start of their shifts and after clocking out at the end of their shifts performing work that including, but not limited to, security issues, fire alarms, reporting issues to department supervisors.

33. Additionally, Plaintiff and similarly situated employees would clock out for meal breaks but were routinely interrupted during unpaid breaks to handle work matters that including responding to co-workers or supervisors inquires via

text or phone, assisting customers, and/or completing paperwork and reports, and thus did not receive a bona fide meal break or complete payment for work performed during their meal break.

34. Upon information and belief, Defendants required that Plaintiff and similarly situated employees who are members of the FLSA Collective work off-the-clock to control labor costs and expenses, and for its own convenience.

35. Defendants wanted to keep shifts at eight (8) hours, after auto-deducting lunch breaks.

36. Pursuant to Defendants' policies and procedures, Defendants failed to record all of the hours worked by Plaintiffs and the other similarly situated hourly employees, thereby resulting in the failure to pay overtime in violation of the FLSA.

37. Plaintiff estimates that he worked on average three (3) or more unpaid overtime hours per workweek.

***Defendant's Off-the-Clock Violations***

38. Plaintiff and the FLSA Collective members worked as non-exempt hourly paid employees for Defendants in Florida.

39. Defendants are aware that Plaintiff and the FLSA Collective worked off-the-clock overtime hours. But Defendants failed and continues to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the FLSA Collective to work off-the-clock hours, during which they performed their assigned

duties.

40. Defendants maintains time records for its non-exempt hourly employees throughout Florida and the United States.

41. However, those time records fail to accurately reflect all of the hours worked by Plaintiff and the similarly situated employees, based upon Defendants policies and procedures for requiring Plaintiff and the similarly situated employees to work off the clock and not crediting all time worked.

42. Defendants suffered and permitted Plaintiff and the FLSA Collective to work while off-the-clock but did not pay them for these unrecorded hours in violation of the FLSA.

43. Defendants knew or should have known that Plaintiff and the FLSA Collective worked unpaid time because Defendants' managers and supervisors required, witnessed and permitted unpaid time worked by Plaintiff and the FLSA Collective.

44. Defendants' failure to pay Plaintiff and the FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of its operations.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

45. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and the FLSA Collective.

46. Defendants assigned and/or are aware of all of the work that Plaintiff

and the FLSA Collective performed and continues to perform.

47. As part of its regular business practice, Defendants has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

 a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendants in excess of 40 hours per workweek; and

 b. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for Defendants.

48. Defendants are aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

49. Plaintiff and the FLSA Collective all were compensated on an hourly basis.

50. Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

51. Defendant's unlawful conduct has been widespread, repeated, and consistent.

52. Federal law mandates that an employer is required to keep all payroll records and other records containing, among other things, for three (3) years, including, but not limited to, the following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The hours worked each workday and total hours worked each workweek;

    e. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    f. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    g. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    h. The dates, amounts, and nature of the items which make up the total additions and deductions;

    i. The total wages paid each pay period; and

j. The date of payment and the pay period covered by payment.

53. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they performed work for which they were improperly compensated and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).*

## FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

54. Plaintiffs incorporates by reference all preceding allegations.

55. Defendants have and continue to be engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

56. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

57. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

59. Defendants are an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

61. Defendants has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

62. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees who worked for Defendants.

63. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

65. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled

to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Attorneys' fees and costs of the action; and

F. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 3rd day of May, 2024

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*